**James H. BABB, Plaintiff–Appellant,**

v.

**Kenneth LOW; Kelly Hu, Defendants–Appellees.**

No. 07–17130.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2008.*

Filed Dec. 9, 2008.

Carter White, U.C. Davis School of Law, King Hall Civil Rights Clinic, Davis, CA, for Plaintiff–Appellant.

Daniel B. Alweiss, Esquire, Deputy Attorney General, Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: NOONAN, KLEINFELD and IKUTA, Circuit Judges.

### MEMORANDUM **

Whether or not the district court abused its discretion by excluding Grossfeld's opinion testimony that Low's actions constituted deliberate indifference, any er-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ror was harmless. All of the portions of Grossfeld's testimony that were material were admitted. Because we do not find that the exclusion of Grossfeld's opinion testimony more probably than not tainted the verdict, we find no prejudice. *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir.2003), *cert. denied*, 540 U.S. 1160, 124 S.Ct. 1169, 157 L.Ed.2d 1204 (2004).

■ The district court did not abuse its discretion when it sustained objections for which counsel had not provided specific grounds. The district court's judgment that the grounds for objection were apparent from the context was reasonable and well within its broad discretion. *United States v. Morgan*, 376 F.3d 1002, 1006–07 (9th Cir.2004).

■ Nor did the district court clearly err in finding that Low was not deliberately indifferent to Babb's serious medical needs. "Under the Eighth Amendment's standard of deliberate indifference, a person is liable for denying a prisoner needed medical care only if the person 'knows of and disregards an excessive risk to inmate health and safety.'" *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir.2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). Here the district court found that Low did not ascertain a serious risk to Babb until June 3, at which point he acted promptly, if ineffectively, to alleviate the problem. Such a conclusion is plausible in light of the record viewed in its entirety. *United States v. Working*, 224 F.3d 1093, 1102 (9th Cir.2000) (en banc).

· Accordingly, we **AFFIRM.**